UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMRINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH, SAM OLSON, KRISTI NOEM, and PAMELA BONDI,<br><br>Respondents. | CAUSE NO. 3:26-CV-113-CCB-SJF |

## OPINION AND ORDER

Immigration detainee Amrinder Singh, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) For the reasons stated below, the petition is granted, and the government is ordered to immediately release him, subject to the previous conditions of bond set by an immigration judge.

Mr. Singh is a 32-year-old native of India who entered the United States in 2014. (ECF 10-2 at 25.) He was immediately taken into custody by Immigration and Customs Enforcement (ICE) agents near the U.S. border in Arizona, but was released on $15,000 bond by an immigration judge pending a resolution of his removal proceedings. (*Id.* at 26; ECF 11-1.) He remained on bond for several years, during which time he married a United States citizen, who filed a visa petition on his behalf. The petition was granted by the United States Citizenship and Immigration Services (USCIS), which authorized

him to apply for adjustment of status or lawful permanent residency. (ECF 10-2 at 10.) In April 2022, his removal proceedings were "administratively closed."[1] (*Id.* at 14.)

In November 2023, Mr. Singh was arrested by police in Greenwood, Indiana, on charges of strangulation, domestic battery resulting in moderate bodily injury, interfering with reporting a crime, and resisting law enforcement. *State v. Singh*, No. 41D01-2311-F6-000788 (Johnson Sup. Ct. filed Nov. 3, 2023).[2] He ultimately pled guilty to resisting law enforcement in exchange for dismissal of the other counts, and was ordered to serve 365 days in custody, with a portion of that time suspended, and a period of probation, during which time he was to complete a counseling program. *Id.* (docket entry Apr. 11, 2024). In August 2024, a petition to revoke his probation was filed in the criminal case, and he failed to appear for a hearing. *Id.* (docket entry Aug. 16, 2024). According to the state court docket, the petition to revoke his probation remains unresolved. *See id.* (docket entry Feb. 28, 2025).

In 2025, Mr. Singh's immigration case was "recalendared" by an immigration judge upon motion of the government. (ECF 10-2 at 21, 26.) Mr. Singh was taken into custody pursuant to an administrative warrant issued on August 5, 2025. (*Id.* at 28.) He was subsequently transferred to Miami Correctional Facility (MCF), where he is being

---

[1] Administrative closure is a procedure used to "temporarily remove a case from an Immigration Judge's active calendar" by agreement of the parties "to await an action or event that is relevant to immigration proceedings but is outside the control of the parties or the court and may not occur for a significant or undetermined period of time." *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA 2012); *see also Morales v. Barr*, 973 F.3d 656, 667 (7th Cir. 2020). Although the removal case was administratively closed, it was not terminated, and Mr. Singh continued to report to the ICE office on a regular basis as required by his bond. (ECF 1 at 12; ECF 10-2 at 26.)

[2] The court is permitted to take judicial notice of state criminal records. *See* Fed. R. Evid. 201.

2

held pending the resolution of his removal proceedings. (ECF 1.) He sought release on bond, but an immigration judge concluded that he was statutorily ineligible for bond under 8 U.S.C. § 1225(b)(2). (ECF 10-2 at 38.)

Mr. Singh argues that 8 U.S.C. § 1225(b)(2) does not apply to him, because he is not "seeking admission" within the meaning of the statute. He asserts that 8 U.S.C. § 1225(b)(2) applies to people arriving at ports of entry, whereas he entered the United States in 2014, was released, and was re-apprehended within the interior of the country years later. He seeks release from custody, arguing that his continued detention violates applicable statutes and regulations, as well as the Fifth Amendment's Due Process Clause.

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 5.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 10), and Mr. Singh has filed a reply (ECF 11).

The Respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Singh is subject to

3

mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 10.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[3] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Singh who are arrested within the interior of the country years after their arrival. Application of the statute is particularly untenable here, given that Mr. Singh has been living in the United States for a period of years pursuant to a grant of relief by USCIS. *See, e.g., Giron Bautista v. Secretary of U.S. Dep't of Homeland Security, et al.*, No. 2:26-CV-75-JES-DNF, 2026 WL 183556, at *1 (M.D. Fla. Jan. 23, 2026) (noncitizen who had been living in United States

---

[3] The court is aware of the 2-1 opinion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, ___F.4th___, 2026 WL 323330, at *9 (5th Cir. Feb. 6, 2026), reaching a different conclusion. This opinion is not binding in this Circuit, and the court remains convinced that its prior analysis of § 1225(b)(2) is sound.

pursuant to grant of relief by USCIS could not be categorized as an applicant seeking admission under 8 U.S.C. § 1225(b)(2)); *Salvador v. Bondi*, No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *7 (C.D. Cal. Sept. 2, 2025) ("[W]hen Petitioner crossed the border and was apprehended, the government did not classify him as an applicant for admission subject to expedited removal. That Petitioner should now—approximately four years after entering the country and being released by [the government]—be treated as an 'applicant for admission' defies logic.").

That leads the court to 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the alien; and (2) may release the alien on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole" (in plain terms, release on one's own recognizance) until removal proceedings conclude. 8 U.S.C. § 1226(a).

When a noncitizen has already been detained and released, as Mr. Singh has, § 1226(b) provides that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." The implementing regulation further provides:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director,

5

> assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236.1(c)(9).

The Attorney General therefore has statutory authority to take Mr. Singh into custody a second time if she, or her delegate, finds such action warranted.[4] However, Mr. Singh argues that his bond was never revoked in accordance with the agency's own procedures. He is correct that federal agencies are required by Due Process principles to follow their own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *see also Zelaya Diaz v. Rosen*, 986 F.3d 687, 692 (7th Cir. 2021) (under *Accardi*, federal agencies are required to follow their own regulations, including those relating to the exercise of discretion); *Martinez Camargo v. I.N.S.*, 282 F.3d 487, 491 (7th Cir. 2002) ("[C]ourts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests."). That was not done here.

Although a warrant was issued for Mr. Singh's re-arrest in 2025, there is a distinction between the act of issuing an arrest warrant and the act of revoking bond set by an immigration judge, as they involve different forms and procedures. *See Ebu v.*

---

[4] The Board of Immigration Appeals (BIA) has recognized that "where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance." *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). Mr. Singh argues repeatedly in his filings that there has been no "change in circumstances" since the immigration judge's original bond determination in 2014, but this ignores the fact that he was arrested on serious criminal charges, convicted of one offense, and has an ongoing probation revocation proceeding in state court. *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006) (changed circumstances include arrests and convictions showing the petitioner presents a flight risk or may be a danger to the community). The court provides no opinion about whether changed circumstances exist, which is a matter for the agency to decide, and is only determining whether regulatory procedures were followed in connection with his current detention.

6

*Tindall*, No. 3:25-CV-779-RGJ, 2026 WL 252899, at *4 (W.D. Ky. Jan. 30, 2026) (rejecting government's argument that issuing a new arrest warrant serves as a valid method of revoking bond under 8 C.F.R. § 236.1(c)(9)). Additionally, the warrant for Mr. Singh's arrest was signed by a Supervisory Detention and Deportation Officer, or "SDDO," who is not one of the officials listed in 8 C.F.R. § 236.1(c)(9) as being authorized to revoke bond or conditional parole. *See Mejia Diaz*, 2025 WL 3640419, at *8 ("An SDDO, a Supervisory Detention and Deportation Officer, is not among the people given the authority to revoke parole."); *Ledesma Gonzalez v. Bostock*, No. 2:25-CV-01404-JNW-GJL, 2025 WL 2841574, at *4 (W.D. Wash. Oct. 7, 2025) (holding that only officials listed in 8 C.F.R. § 236.1(c)(9) have authority to revoke bond). There is also nothing before the court to suggest that an SDDO has been delegated revocation authority by the Attorney General. *See* 8 C.F.R. § 2.1.

Respondents do not argue that Mr. Singh's bond was properly revoked in accordance with regulatory procedures so as to justify his current detention. Instead, they rest on the rejected argument that Mr. Singh is subject to mandatory detention under § 1225(b)(2). It would be inappropriate for the court to construct arguments for either party. *Clark v. Sweeney*, 146 S. Ct. 410, 412 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." (internal citations and quotation marks omitted)). The court therefore concludes that Mr. Singh is entitled to release, on the previous conditions of his bond, as the removal

process unfolds or until the government pursues other options available to it in accordance with applicable statutes and regulations.

For these reasons, the court:

(1) **GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS respondents to release Arminder Singh immediately from custody on the previous conditions of bond and to certify compliance with this order by filing a notice with the court by **February 20, 2026**;

(2) **DIRECTS** the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Arminder Singh's release; and

(3) **ORDERS** that any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on February 18, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT